DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Randall L. Harrold has appealed from a decision of the Summit County Court of Common Pleas that convicted him of rape, gross sexual imposition, and pandering sexually oriented matter involving a minor. This Court affirms.
 I {¶ 2} On October 27, 2000, Appellant was indicted by the Summit County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(2); two counts of rape, in violation of R.C.2907.02(A)(1)(b); one count of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); one count of pandering obscenity involving a minor, in violation of R.C.2907.321(A)(1); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). The victim of Appellant's crimes was thirteen years old.
 {¶ 3} Appellant initially pleaded not guilty to the crimes as charged in the indictment. However, pursuant to a plea agreement, Appellant changed his plea and pleaded guilty to one count of rape, a violation of R.C. 2907.02(A)(1)(b); one count of pandering sexually oriented matter involving a minor, a violation of R.C. 2907.322(A)(1); and one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4). The remaining counts were dismissed.
 {¶ 4} On March 2, 2001, the trial court sentenced Appellant to a definite term of nine years incarceration for the rape charge; three years incarceration for the charge of pandering sexually oriented matter involving a minor; and three years incarceration for the gross sexual imposition charge. The trial court further ordered the sentences for the crimes of gross sexual imposition and pandering sexually oriented matter involving a minor to be served concurrently; the trial court ordered those sentences to be served consecutive to his sentence for rape. Appellant was also adjudicated a sexual predator.
 {¶ 5} On October 17, 2001, the trial court entered an order, whereby it acknowledged that Appellant's trial counsel verbally advised an officer of the court that Appellant wanted to appeal his sentence as well as his sexual predator adjudication. However, through inadvertence, this information was not conveyed to the trial judge and no attorney was appointed to Appellant for purposes of appeal. As a result of the trial court's failure to appoint appellate counsel, trial counsel orally moved to re-sentence Appellant. The trial court, pursuant to the Ohio Supreme Court's holding in State v. Gover (1995),71 Ohio St.3d 577, treated the oral motion for re-sentencing as a petition for post-conviction relief under R.C. 2953.21. The trial court explained that "[t]he appropriate avenue for relief is to vacate the prior judgment and re-impose judgment against [Appellant], with the result of reinstating the time under which [Appellant] may file a notice of appeal pursuant to App.R.4(A)." The trial court then appointed appellate counsel to file a petition for post-conviction relief on Appellant's behalf; counsel was instructed to move the court to vacate the prior judgment and re-impose judgment so that the appeal time could commence running pursuant to App.R.4(A).
 {¶ 6} Pursuant to the trial court's October 17, 2001 order, appellate counsel filed a petition for post-conviction relief, whereby he moved the court "for an order vacating the judgment of conviction in the above-captioned cause pursuant to R.C. 2953.21
and to this Court's order of October 17, 2001, on the grounds that [Appellant] was denied his due process right to appeal and the effective assistance of counsel on appeal." The trial court, on January 16, 2002, held that "[p]ursuant to Gover, the Court vacates the prior judgment against [Appellant], with the result of re-instating the time under which [Appellant] may file a notice of appeal." Appellant filed a timely appeal to this Court, asserting one assignment of error.
 {¶ 7} On appeal, Appellant argued that the trial court erred in ordering his sentences to run consecutively. In a decision dated November 13, 2002, this Court affirmed the trial court's sentencing decision. State v. Harrold, 9th Dist. No. 21143, 2002-Ohio-6115, reversed (2003), 99 Ohio St.3d 473 ("HarroldI"). We concluded that the trial court's sentencing decision was not erroneous because it properly made the requisite findings and reasons for imposing consecutive sentences within its journal entry in accordance with our prior decision in State v. Riggs
(Oct. 11, 2000), 9th Dist. No. 19846. Harrold I,
2002-Ohio-6115, at ¶ 16. Appellant appealed our decision to the Ohio Supreme Court, and the matter was reversed and remanded on the basis of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 8} On remand from the Ohio Supreme Court, the trial court re-sentenced Appellant for the crimes as charged in the October 27, 2000 indictment. As the trial court had previously decided in its March 2, 2001 order, Appellant was sentenced to a definite term of nine years incarceration for the crime of rape, and a definite term of three years incarceration for each count of pandering sexually oriented material involving a minor and gross sexual imposition. The sentences for pandering sexually oriented material involving a minor and gross sexual imposition were ordered to run concurrent to each other, but consecutive to the sentence imposed for rape.
 {¶ 9} Appellant timely appealed the trial court's October 17, 2003 order re-imposing sentence. This Court, in a decision date June 30, 2004, vacated the trial court's October 17, 2003 decision, and reinstated the trial court's prior decision dated March 2, 2001. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-3423. Appellant timely filed a motion for reconsideration, in which he argued that this Court may have inadvertently overlooked the Ohio Supreme Court's decision that reversed his conviction in accordance with Comer, and remanded the matter back to the trial court for resentencing. Although the appellate record did not indicate that Appellant appealed his sentencing decision to the Ohio Supreme Court or that the trial court's sentencing decision was reversed, this Court on August 8, 2003, granted Appellant's motion for reconsideration. This Court shall now address Appellant's two assignments of error.
 II Assignment of Error Number One
"The trial court erred when it ignored or discounted appellant's statement of remorse when it imposed consecutive sentences upon him."
 Assignment of Error Number Two
"The trial court erred when it ignored or discounted appellant's statement of remorse when it imposed upon him a greater-than-minimum sentence."
 {¶ 10} In Appellant's first and second assignments of error, he has argued that the trial court erred when it failed to consider his statements of remorse when it sentenced him to greater than the minimum and consecutive sentences for the crimes of rape, gross sexual imposition, and pandering sexually oriented matter involving a minor. For the reasons that follow, we reject Appellant's arguments.
 {¶ 11} As an initial matter, we note that Appellant has not challenged his sentence on the ground that the trial court failed to make the requisite findings and reasons when imposing the consecutive sentences, as required by R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c). Nor has he challenged his sentence on the ground that the trial court failed to make the requisite findings when it imposed greater than the minimum sentence, as required by R.C. 2929.14(B). Rather, Appellant has only argued that the "court discounted Appellant's statement of remorse, and instead imposed exactly the same sentence it had imposed two years before."
 {¶ 12} This Court first notes that when Appellant was initially sentenced on March 2, 2001, and the matter was appealed to this Court on June 14, 2002, he never argued that the trial court discounted his feelings of remorse when he was sentenced. In Harrold I, Appellant only argued that the trial court erred in ordering his sentences to run consecutively. He did not argue, as he does now, that the trial court failed to consider his feelings of remorse when it sentenced him to consecutive and greater than the minimum sentences. Consequently, we find that Appellant has waived that argument for this Court's review. SeeState v. Awan (1986), 22 Ohio St.3d 120, 123.
 {¶ 13} Assuming, arguendo, that Appellant's argument regarding the trial court's alleged failure to consider his demonstrated remorse when it resentenced him pursuant to Comer
has not been waived, this Court finds that "[o]ur review of Appellant's sentence does not hinge on whether the trial court considered Appellant's [remorse] but whether the trial court complied with the statutory mandates of R.C. Chapter 2929." (Alterations added.) State v. Yeager, 9th Dist. Nos. 21092, 21107, 2003-Ohio-1809, at ¶ 5. As such, this Court may not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 14} R.C. 2929.14(E)(4) sets forth the findings required before a trial court imposes consecutive sentences. That section provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16], [R.C.2929.17], or [R.C. 2929.18], or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} Furthermore, R.C. 2929.19(B)(2)(c) requires that when a court imposes consecutive sentences pursuant to R.C. 2929.14, the court must specify on the record its reasons for doing so.State v. Jones (2001), 93 Ohio St.3d 391, 399. This Court further notes that when sentencing a first time offender to more than the minimum or consecutive sentences, the trial court must make the required findings orally on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20.
 {¶ 16} In the instant matter, the trial court complied withComer and the requirements set forth in R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) when it imposed consecutive sentences. The trial court explained at the sentencing hearing:
"Now, the Court makes the finding of consecutive sentences are necessary when the Court finds three statutory factors as enunciated in Revised Code Section 2929.14(E)(4).
"Number One, I have determined that consecutive sentences are necessary to protect the public from future crime and to punish you as an offender.
"Number Two, consecutive sentences, in this Court's opinion, are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
"And finally, the Court finds the additional condition that the harm caused in this case is so great or unusual that no single prison sentence for a — or term for a felony for these offense committed as part of a single course of conduct adequately reflects the seriousness of the conduct.
"The reason consecutive sentences are necessary under these guidelines are in reviewing the psychological trauma and damage you have done to this family, it goes far beyond even the harm to the family itself, as evidenced in the letters, but also in reading the original victim impact statement, [the victim] said how she felt worthless, and now we have here from her mother how she has attempted suicide.
"* * *
"The consecutive sentences are necessary, going back to2929.14(E)(4), again, because you have no [insight]. You blame the victim for your deviant behavior. The repeated violations of this 13 year old girl shows me that you will absolutely do this again if you get out."
 {¶ 17} The trial court also complied with Comer and R.C.2929.14(B) when it imposed more than the minimum sentence. During the sentencing hearing, the trial court explained:
"I have taken into consideration what was said here today. I have read over the victim impact statement.
"Pursuant to Revised Code Section 2929.14(B), the Court finds that the shortest prison term possible will demean the seriousness of the offense and not adequately protect the public and, therefore, the Court must impost a greater term.
"The Court has to consider pursuant to Revised Code Section2929.11(A) the need for incapacitating the offender; two, deterring the offender and others from future crime; and, three, rehabilitating the offender.
 {¶ 18} The Court explained that in sentencing Appellant to more than the minimum, it considered the fact that the victim was thirteen years old; Appellant repeatedly violated the victim; and that Appellant showed no remorse when he was initially sentenced. The trial court noted that "[t]oday is the first time I ever heard [Appellant] say [he was] sorry. And even now [Appellant] show[s] really no insight into [his] behavior."
 {¶ 19} The record clearly shows that the trial court sentenced Appellant in accordance with Comer, R.C. 2929.14(B), R.C. 2929.14(E) and R.C. 2929.19(B)(2)(c). What is also apparent from the record is that the trial court did not find that Appellant was truly remorseful for his actions. The trial court, as the trier of fact, is in the best position to judge the credibility of a witness. State v. Aaron, 9th Dist. No. 21434, 2003-Ohio-5159, at ¶ 17. Therefore, we decline to say that the trial court abused its discretion in refusing to consider Appellant's feigned remorse. As such, Appellant's sentences are not contrary to law.
 {¶ 20} Appellant's first and second assignments of error are not well taken.
 III {¶ 21} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, J., Batchelder, J., concur.