DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant James M. Stewart has appealed his sentence for trafficking in cocaine imposed by the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On April 14, 2004, Appellant was indicted by a Summit County Grand Jury on one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2), and one count of trafficking in cocaine, also in violation of R.C. 2925.03(A)(2). On May 5, 2004, Appellant pled not guilty to both charges. On June 10, 2004, Appellant changed his plea to guilty on the charge of trafficking in cocaine; the charge of trafficking marijuana was dismissed. Appellant's sentencing hearing was held on July 14, 2004, at which time Appellant was sentenced to a term of two years incarceration. Appellant has timely appealed his sentence, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to [R.C.] 2929.14(B). * * *"
 {¶ 3} In his sole assignment of error, Appellant has argued that the trial court erred when it imposed a two year term of incarceration. Specifically, Appellant has argued that the trial court erred when it failed to make the statutorily required findings when it sentenced Appellant to more than the minimum term of incarceration. We disagree.
 {¶ 4} This Court will not disturb a sentence imposed by a trial court unless we find, by clear and convincing evidence, that the sentence is not supported by the record or is contrary to law. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13; R.C. 2953.08(G)(2). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 5} Furthermore, it is well established that an appellant bears the burden of providing this Court with the record in support of his assignment of error on appeal. State v. Vonnjordsson (July 5, 2001), 9th Dist. No. 20368, at 5 (Citations omitted.) See, also, Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 6} Turning first to the record submitted to this Court by Appellant, at Appellant's sentencing hearing the trial court stated, prior to imposition of sentence, that it had reviewed Appellant's pre-sentence investigation ("PSI") report, as well as Appellant's sentencing memorandum. However, Appellant has failed to transmit the PSI to this Court in support of the instant matter. As a result, we do not know the facts and circumstances that supported Appellant's original indictment for trafficking in cocaine and marijuana; Appellant's criminal history, if any; or any mitigating factors that would support a modification of the sentence Appellant now claims is unjust. In short, we have nothing to review as Appellant has provided us with nothing in support of his sole assignment of error. As such, this Court must presume that the PSI contained evidence that properly supported the trial court's imposition of a two year term of incarceration and that, as a result, the two year term of incarceration is not contrary to law. See Vonnjordsson, supra, at 5.
 {¶ 7} Assuming, arguendo, that Appellant was a first time offender as he has claimed, we turn next to his argument that the trial court failed to make the statutorily required findings when it imposed more than the minimum term of incarceration.
 {¶ 8} Pursuant to R.C. 2929.14(B)(2), when sentencing a first time offender for a felony offense, the trial court must find that the minimum term of incarceration will either demean the seriousness of the offense or not adequately protect the public from the offender. R.C. 2929.14(B)(2). The statutorily required finding must be made on the record at the sentencing hearing. State v. Clay, 9th Dist. No. 04CA0033-M, 2005-Ohio-6, at ¶ 39, quoting State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26.
 {¶ 9} Our review of both the transcript from the sentencing hearing as well as the journal entry imposing sentence reveals that the trial court found that the minimum term of incarceration would demean the seriousness of Appellant's offense. Such a finding satisfied both R.C. 2929.14(B)(2) and Comer. Thus we reject Appellant's argument that the trial court failed to make the requisite findings when it imposed more than the minimum term of incarceration.
 {¶ 10} Based on the foregoing, this Court concludes that the trial court did not err when it imposed a two year term of incarceration for the offense of trafficking in cocaine. Appellant's sole assignment of error lacks merit.
 III {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Moore, J. Concur.