DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Andre Miguel Taylor, appeals the judgment of the Medina County Court of Common Pleas, finding him guilty of failure to comply with an order or signal of a police officer and sentencing him accordingly. We affirm.
 {¶ 2} On June 4, 2004, the Medina County Grand Jury issued an indictment against Defendant for failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a felony of the third degree, and receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. Defendant pled not guilty to the charges and a jury trial was held on August 30-31.
 {¶ 3} On August 31, 2004, the jury returned a verdict of not guilty to the count of receiving stolen property, and a guilty verdict for failure to comply with order or signal of a police officer. Further, the jury made a specific finding that Defendant's operation of the motor vehicle caused substantial risk of serious physical harm to persons or property. The trial court sentenced Defendant to a prison term of four years. Defendant now appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"There was insufficient evidence to support the jury's verdict, and [Defendant's] felony conviction for failure to comply with order or signal of police officer was against the manifest weight of the evidence."
 {¶ 4} In his first assignment of error, Defendant argues that his conviction was against the manifest weight of the evidence and supported by insufficient evidence as a matter of law. He opines that the record is devoid of any evidence illustrating that he knew that the police were trying to pull him over. We disagree.
 {¶ 5} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988), 51 Ohio App.3d 215, 216. "`In essence, sufficiency is a test of adequacy.'" Smith at ¶ 7, quotingThompkins, 78 Ohio St.3d at 386.
 {¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence:
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id.
 {¶ 7} Defendant was convicted of failure to comply with an order or a signal of a police officer under R.C. 2921.331(B) which states: "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." In State v.Tanner 9th Dist. No. 3258-M, 2002-Ohio-2662, at ¶ 24, we found that a person's conduct is willful when his act is done intentionally, designedly, knowingly, or purposely, without justifiable excuse." A person acts knowingly "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 8} Officer Sankoe testified that he had been traveling on Interstate 71 when he noticed Defendant traveling at a rate of speed that exceeded 65 miles per hour. Officer Sankoe activated his radar system and clocked Defendant's vehicle at 80 miles per hour. He then activated his spotlight and started following Defendant's vehicle. He advised the police dispatcher that he was going to attempt to stop the vehicle. When he caught up to Defendant's car, he activated his sirens and lights and a video camera that was in the police cruiser. After Officer Sankoe activated his lights and sirens, Defendant accelerated to 100 miles per hour. Defendant did not pull over. Officer Sankoe testified that he observed Defendant weaving and changing lanes. At one point Officer Sankoe pulled up right next to Defendant's vehicle, and Defendant swerved and almost struck the patrol car.
 {¶ 9} Eventually Officer Sankoe saw Medina County Sheriff's deputies ahead who were deploying stop sticks.[1] He could tell that Defendant had run over it. Defendant still did not stop. After driving for a while longer, Defendant exited at State Route 224, struck a curb and continued through the ramp. On State Route 224, Defendant went through the median and into oncoming traffic that had to stop in order to avoid hitting him. Defendant exited his vehicle and started running on foot at that point. Officer Sankoe yelled to Defendant telling him to get down on the ground. Defendant ignored him and kept running. Officer Sankoe tried to use his taser on Defendant, but he missed. Defendant kept running. He dove over a fence that had barbed wire on top of it. Officer Sankoe grabbed Defendant's feet and held him. Officer Steppenbacker, who had been following them, deployed his taser gun. Defendant still kept thrashing around on the ground. The taser was deployed again and eventually the officers managed to handcuff Defendant.
 {¶ 10} Officer Steppenbacker presented further testimony on behalf of the State. He testified that he had received a call from Officer Sankoe that he was attempting to stop a vehicle that was traveling over 100 miles per hour. Officer Steppenbacker joined in the pursuit; he also activated his lights and sirens. They continued in pursuit, traveling at speeds ranging from 90 to 110 miles per hour. Officer Steppenbacker testified that Defendant ran over the stop sticks which were effective in flattening the left front tire of his car. Defendant was still traveling at a high rate of speed and started to lose control of the vehicle; at one point he almost crashed the car. Defendant got off at an exit, drove through oncoming traffic, over a median and finally came to rest over an embankment. At that point, Defendant got out and started running. The two officers were pursuing him. With the use of a taser, they finally handcuffed Defendant.
 {¶ 11} Both officers testified that Defendant was driving at a high rate of speed in a reckless fashion. Both noted that he appeared to be intoxicated, though they never conducted any sobriety tests. They both testified that Defendant had driven through on coming traffic, and had the cars not stopped, Defendant could have caused an accident.
 {¶ 12} After reviewing the evidence before the jury, we cannot find that the verdict is against the manifest weight of the evidence. The jury had the opportunity to hear the testimony from two police officers who both had been chasing Defendant with their lights and sirens activated. The jury was also shown the video that had been recording the entire chase from Officer Sankoe's cruiser.
 {¶ 13} Defendant claims that he did not know that he was being pursued by the police officers and thus, the jury erred in finding him guilty of failure to comply with order or signal of police. However, a reasonable jury could have found, based on the above testimony and evidence that Defendant purposefully and willfully ignored the police officers' efforts to stop him. See State v. Hill, 1st Dist. No. C-030678, 2004-Ohio-2275 (willfulness was found where defendant appeared to be eluding a pursuing officer by increasing his speed.)
 {¶ 14} This Court will not substitute its judgment for that of the jury who was in a better position to evaluate the credibility of the witnesses. State v. Green (1996), 117 Ohio App.3d 644, 650, citingState v. Waddy (1992), 63 Ohio St.3d 424, 430. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting Defendant of failure to comply with an order or signal of police.
 {¶ 15} Having found above that the weight of the evidence supports Defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of. See State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 8. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in sentencing [Defendant] to a prison term, where the evidence, at most, supported only a first-degree misdemeanor conviction."
 {¶ 16} In his second assignment of error, Defendant claims that the trial court erred in sentencing him to a prison term. Defendant maintains that the maximum sentence that he should have received was for a term of not more than 180 days at a local county jail, not prison. We disagree.
 {¶ 17} A violation of 2921.331(B) is third degree felony "if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(a). "Substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). "Serious physical harm to persons" is defined as:
"(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
"(b) Any physical harm that carries a substantial risk of death;
"(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
"(d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
"(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5).
 {¶ 18} "Serious physical harm to property" is defined as physical harm to property that either:
"(a) Results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace; [or]
"(b) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time." R.C. 2901.01(A)(6).
 {¶ 19} In State v. Love, 9th Dist. No. 21654, 2004-Ohio-1422, we held that there was ample evidence that defendant failed to comply with an order or signal of a police officer and created a substantial risk of serious physical harm to persons or property when he failed to stop after a police officer activated his siren and lights, another officer joined the pursuit, several drivers had to pull over as defendant sped down the streets, and he was not taken into custody until after he attempted to escape on foot. In this case, the arresting officers presented evidence that Defendant was driving recklessly at speeds in excess of 100 miles per hour. They both testified that he crossed on coming traffic and narrowly avoided causing an accident on more than one occasion. Defendant ran from the vehicle on foot, he climbed over a fence to escape the officers, and he would not submit to the officer's efforts to stop him until after a taser had been used multiple times.
 {¶ 20} The jury returned the verdict form proclaiming Defendant not guilty of receiving stolen property and guilty of failure to comply with the order or signal of a police officer. On the special finding with regard to substantial risk the verdict form reads: "[a]nd we further find that the Defendant's operation of the motor vehicle did cause a substantial risk of serious physical harm to persons or property." The jury had been properly instructed by the trial court that if they found Defendant guilty beyond a reasonable doubt of failure to comply, they must decide beyond a reasonable doubt whether Defendant created a substantial risk of serious physical harm. Based on the above evidence, the jury unanimously found, beyond a reasonable doubt that Defendant had created a substantial risk of serious physical harm to persons or property, making him guilty of a third degree felony.
 {¶ 21} R.C. 2929.14(A)(3) provides that if a defendant is found guilty of a third degree felony, he may be sentenced to a prison term of one to five years. Defendant was sentenced to a prison term of four years.
 {¶ 22} An appellate court reviews a sentence to determine whether the trial court complied with the statutory mandates of R.C. Chapter 2929.State v. Yeager, 9th Dist. Nos. 21092 and 21107, 2003-Ohio-1809, at ¶ 5. Therefore, we will not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to the law. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13. "Clear and convincing evidence is that evidence `which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" Id., quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 23} R.C. 2929.14(B) provides that:
"if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 24} R.C. 2929.14(B) does not require the court to give its reasons for finding that the seriousness of the offense will be demeaned or that the public not adequately protected if a minimum sentence is imposed.State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus.
 {¶ 25} In this case, the trial court considered Defendant's past record, which includes previous convictions, a prison sentence, and a parole violation. The trial court further considered, among other factors, the duration and distance of the pursuit, the speed at which he was traveling, and the danger that Defendant posed to other drivers. The trial court found that the minimum sentence would demean the seriousness of the offense and it would not adequately punish Defendant. After reviewing the record, we find that the trial court made the required findings. Defendant's second assignment of error is overruled.
 {¶ 26} We overrule Defendant's two assignments of error and affirm the judgment of the Medina County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Moore, J., Concur.
[1] Stop sticks are devices with small spikes that are placed on the road so that when a car runs over them, the tires will begin to slowly deflate and eventually the car will slow down and stop.