DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Matthew King has appealed his sentence imposed by the Wadsworth Municipal Court. This Court affirms.
 II {¶ 2} On May 30, 2004 Appellant was issued a citation by a Wadsworth police officer for two counts of driving under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(4), driving under suspension, in violation of R.C. 4507.02, as well as speeding, weaving, and driving left of center, all in violation of Wadsworth City Ordinances. Appellant pled not guilty to all of the charges. A plea agreement was ultimately reached, wherein Appellant pled no contest to the charge of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) in exchange for all of the remaining charges being dropped by the State.
 {¶ 3} On October 27, 2004, the trial court sentenced Appellant to 180 days in jail and ordered him to pay a $550 fine. In addition, Appellant's driver's license was suspended for two years, he was assessed six points on his driver's license, and his automobile was forfeited to the State. Appellant was also ordered to enter a residential alcohol treatment program.
 {¶ 4} On November 24, 2004, Appellant filed a motion requesting that execution of his sentence be suspended pending resolution of the instant appeal. The trial court granted his motion on that same date.
 {¶ 5} Appellant has timely appealed the trial court's imposition of sentence, asserting one assignment of error.
 II ASSIGNMENT OF ERROR NUMBER ONE
"THE TRIAL COURT [ERRED] AS A MATTER OF LAW IN FAILING TO CONSIDER THE STATUTORY SENTENCING GUIDELINES IN GIVING THE DEFENDANT SIX MONTHS OF INCARCERATION."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred when it imposed sentence. Specifically, Appellant has argued that the trial court sentenced him to what Appellant characterized as the maximum term of incarceration, and that said sentence was contrary to R.C. 2929.24, Ohio's misdemeanor sentencing statute. We disagree.
 {¶ 7} This Court will not disturb a sentence imposed by a trial court unless we find, by clear and convincing evidence, that the sentence is not supported by the record or is contrary to law. State v. Stewart, 9th Dist. No. 22243, 2005-Ohio-1138, at ¶ 4; State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} It is well established that an appellant bears the burden of providing this Court with the record in support of his assignment of error on appeal. State v. Vonnjordsson (July 5, 2001), 9th Dist. No. 20368, at 5. See, also, Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Pursuant to App.R. 9(A):
"A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 9} In the instant matter, Appellant failed to transcribe, certify and append to his brief those portions of the sentencing hearing necessary for this Court to determine the questions presented. "Without the portions of the sentencing hearing, `the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm.'" State v. Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 26-27, quoting Knapp, at 199.
 {¶ 10} In addition, the record reveals that the trial court ordered a Presentence Interview ("PSI") of Appellant following his guilty plea. The State has argued that Appellant had an extensive record that included two DUI convictions within the last six years, one DUI conviction in 1987, one reckless operation conviction in 1996, fourteen additional traffic convictions within the last five years, as well as one aggravated assault and one aggravated robbery conviction in 1987. Appellant has not supplied this Court with a copy of the PSI in support of his appeal.
 {¶ 11} Appellant's failure to provide this Court with the necessary portions of the record for review of his assignment of error, namely a transcribed portion of the videotape sentencing hearing and a copy of the PSI, leave this Court with no alternative but to presume the regularity of the trial court's proceedings and affirm the sentence imposed. SeeStewart, supra; see, also, State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 15.
 {¶ 12} Appellant's sole assignment of error lacks merit.
 III {¶ 13} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Moore, J. concur