DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Joseph Rardon, appeals the decision of the Summit County Court of Common Pleas sentencing him to a prison term of five years. We affirm Defendant's sentence.
 {¶ 2} Defendant pled guilty to gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third degree felony on March 11, 2005. At the sentencing hearing, the trial court found that Defendant had committed the worst form of the offense, the victim being his ten-year old daughter. The trial court further found that there were multiple victims, though only Defendant's daughter was the subject of the indictment, and that Defendant posed a high risk to re-offend. On April 6, 2005, Defendant was sentenced to a prison term of five years.
 {¶ 3} Defendant now appeals his sentence, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in sentencing [Defendant] to the maximum sentence for the crime of gross sexual imposition by improperly following the procedures for such a sentence as stated in [R.C.] 2929.14 and 2929.19."
 {¶ 4} In his only assignment of error, Defendant argues that the trial court erred in sentencing him to the maximum sentence for a third degree felony. We disagree.
 {¶ 5} In support of his assignment of error, Defendant asks this court to review the pre-sentence investigation report. As that report is not part of the record, we may not consider it on appeal. See State v.Robinson, 9th Dist. No. 22556, 2005-Ohio-4795, at ¶ 25. An appellate court reviews a sentence to determine whether the trial court complied with the statutory mandates of R.C. Chapter 2929. State v. Yeager, 9th Dist. Nos. 21092 and 21107, 2003-Ohio-1809, at ¶ 5. Therefore, we will not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to the law. State v. Harrold, 9th Dist. No. 21797,2004-Ohio-4450, at ¶ 13.
 {¶ 6} Defendant pled guilty to a third degree felony, the basic prison term for which is one, two, three, four, or five years. R.C. 2929.14(A). Defendant was sentenced to five years in prison, which is within the statutorily permissible limit.
 {¶ 7} R.C. 2929.14(B) provides that:
"if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} In this case, the trial court found, based on Defendant's confession to the police, that he had multiple victims, and that the victim who was the subject of the indictment was Defendant's ten-year-old daughter. The trial court found that the minimum sentence would demean the seriousness of the offense and it would not adequately protect other potential victims. Thus, the trial court made the proper findings under R.C. 2929.14(B) to impose a non-minimum sentence upon Defendant.
 {¶ 9} R.C. 2929.14(C) authorizes the trial court to impose the longest statutorily permissive prison term for the offense "upon offenders who committed the worst forms of the offense, [and/or] upon offenders who pose the greatest likelihood of committing future crimes[.]" The court stated that Defendant had committed the worst form of the offense, and based upon the multiple victims and the likelihood of repeat crimes, sentenced Defendant to five years in prison. Based on the record before this Court, that Defendant raped his ten-year-old daughter and had multiple victims, we cannot say that the trial court's findings were clearly and convincingly in error. See State v. McCowan, 9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6. Defendant's assignment of error, therefore, is overruled.
 {¶ 10} We overrule Defendant's assignment of error and affirm his sentence as imposed by the Summit County Court of Common Pleas. Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Moore, J. concur.