DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Carlton Pace, appeals from the decision of the Medina County Court of Common Pleas sentencing him to a prison term of sixteen years. We affirm the decision of the trial court.
 {¶ 2} Defendant was indicted on October 27, 2005, for two counts of Kidnapping, in violation of R.C. 2905.01(A)(3), two counts of Child Endangering under R.C. 2919.22(B)(1)(E)(1)(d), one count of Child Endangering under R.C. 2919.22(B)(1)(E)(1)(b), one count of Child Endangering under R.C. 2919.22(B)(2)(E)(3), one count of Child Endangering under R.C. 2919.22(A)(E)(2)(c), one count of Child Endangering under R.C. 2919.22(A)(E)(2)(b), and one count of Felonious Assault, a violation of R.C.2903.11(A)(1).
 {¶ 3} The above nine counts of Defendant's indictment relate to his treatment of two minor children, AB and TB, sisters, ages three and four. After the indictment was filed, the mother of a third child who had been injured by Defendant, HS, came forward. Thereafter, four additional counts were added to the indictment; two counts of endangering children under 2919.22(B)(1)(E)(1)(d), and two counts of felonious assault under R.C. 2903.11(A)(1).
 {¶ 4} Defendant entered a plea of no contest to the charges in the indictment on March 28, 2005. The trial court sentenced Defendant on May 16, 2005. Defendant now appeals his sentencing, asserting a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in sentencing [Defendant] to more than the `statutory maximum' sentence."
 {¶ 5} In his only assignment of error, Defendant maintains that the trial court erred in sentencing him to sixteen years in prison. We disagree.
 {¶ 6} We review a defendant's appeal from his sentence to determine whether the trial court complied with the statutory mandates of R.C. Chapter 2929. State v. Yeager, 9th Dist. Nos. 21092 and 21107, 2003-Ohio-1809, at ¶ 5. Therefore, we will not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to the law. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13.
 {¶ 7} Citing Blakely v. Washington (2004), 124 S.Ct. 2531,159 L.Ed.2d 403, Defendant argues that the trial court failed to make necessary findings before imposing more than minimum, concurrent sentences. Blakely provides that "`[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'"Blakely, 124 S.Ct. at 2536, quoting Apprendi v. New Jersey
(2000), 530 U.S. 466, 490, 147 L.Ed.2d 435. Thus, Blakely
applies when a trial judge has sentenced a defendant to a prison term that exceeds the statutory maximum, which is not the case in the instant appeal. See State v. Jenkins, 9th Dist. No. 22008,2005-Ohio-11.
 {¶ 8} In the instant case, Defendant's sentences did not exceed the statutory maximum. On Count 1, Kidnapping of AB, a first degree felony, the statutory guidelines permit a sentence between three and ten years. Defendant was sentenced to five years. On Count II, Kidnapping of TB, a first degree felony, Defendant was sentenced to five years; the statutory maximum was ten years. For Counts III and IV, both second degree felonies for Endangering Children, specifically AB, Defendant was sentenced to four years on each count; the statutory maximum for a second degree felony is eight years. Defendant was sentenced to one year in prison for Count V, Endangering Children related to TB, a fourth degree felony; the maximum sentence would have been 1.5 years. On Count VI, second degree Endangering Children, (TB) defendant was sentenced to four out of a possible eight years in prison. Counts VII and VIII, also for Endangering Children, third and fourth degree felonies pertaining to AB and TB respectively, Defendant was sentenced to three out of a possible five years, and one out of a possible 1.5 years. Defendant received five years in prison out of a maximum eight for second degree felonious assault of TB in Count IX.
 {¶ 9} Counts X, XI, XII, and XIII related to Defendant's treatment of HS. Defendant received five out of a maximum eight years for Counts X and XI for both counts of Endangering Children, and six and five years, out of a possible eight for Counts XII and XIII, respectively, both second degree Felonious Assault charges.
 {¶ 10} Under Ohio law, in order to impose a greater-than-minimum sentence on a first time offender, a trial court must expressly find that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2).
 {¶ 11} During Defendant's sentencing hearing, the trial judge went through each of the thirteen counts of Defendant's indictment and expressly found, for each count, that "the minimum prison sentence would demean the seriousness of the offense and would not adequately protect the public." Thus, the trial judge complied with the statutory requirements necessary to sentence Defendant to a more than minimum prison term.
 {¶ 12} The trial court then merged Counts I, III, IV, VII, and IX, all relating to AB, and ordered the sentences for each of the above counts to run concurrently for a total prison sentence of five years. Counts II, V, VI, and VIII, relating to TB, were also merged and were ordered to run concurrently for a prison term of five years. Finally, Counts X, XI, XII, and XIII, which pertain to HS, were also merged for a concurrent prison term of six years. The five year prison sentence for Defendant's treatment of AB was then ordered to run consecutively to the five year sentence for TB, and that sentence was to run consecutively to the six year sentence for Counts X, XI, XII, and XIII, relating to HS, for a total prison term of sixteen years.
 {¶ 13} R.C. 2929.19(B)(2) permits a court to impose consecutive sentences if it makes the proper findings in accordance with R.C. 2929.14. R.C. 2929.14(E)(4) provides as follows:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} In accordance with the requirements of R.C.2929.14(E)(4), the trial court found that consecutive prison terms were "necessary to protect the public and [to] punish the offender and [were] not disproportionate[.]" The trial court further stated that:
"in this case * * * the harm is so great and * * * the harm is so unusual, that a single prison term would not adequately reflect the seriousness of this conduct. The conduct here, over the periods of time in which it occurred, as it relates to three separate children in his care, and the seriousness of the crime, and the ages of these children — ages three and four — and the number of the victims — three — and * * * the severity of these injuries, are all the reasons that the Court is placing on the record orally, for ordering * * * consecutive [sentences]."
 {¶ 15} In light of the above findings, we conclude that the trial court provided sufficient reasons for its decision to impose non-minimum, consecutive prison terms as required by the statutory mandates of R.C. Chapter 2929. Consequently, we do not find that the trial court's sentencing decision was clearly and convincingly contrary to the law and we affirm Defendant's sentence. See Harrold, 2004-Ohio-4450, at ¶ 13.
 {¶ 16} Defendant's assignment of error is overruled and the decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J., Baird, J., concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)