DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Carlton Pace, appeals from his sentencing in the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On March 28, 2005, Appellant entered no contest pleas to the following thirteen counts involving his treatment of three children: two counts of kidnapping, in violation of R.C. 2905.01(A)(3), four counts of child endangering under R.C. 2919.22(B)(1)(E)(1)(d), one count of child endangering under R.C. 2919.22(B)(1)(E)(1)(b), one count of child endangering under R.C. 2919.22(B)(2)(E)(3), one count of child endangering under R.C. *Page 2 2919.22(A)(E)(2)(c), one count of child endangering under R.C.2919.22(A)(E)(2)(b), and three counts of felonious assault, in violation of R.C. 2903.11(A)(1).
 {¶ 3} The trial court subsequently held a sentencing hearing on May 16, 2005. The trial court found that the multiple counts for each child were allied offenses of similar import. The trial court sentenced Appellant to five years incarceration each on the counts related to two of the victims and six years incarceration for the courts related to the third victim. The trial court ordered that Appellant serve these sentences consecutively to one another for an aggregate prison term of 16 years. Appellant objected to his sentence, arguing that it constituted a violation of his Sixth Amendment right to a jury trial because he was sentenced to more than the statutory maximum and to consecutive terms. The trial court overruled Appellant's objections.
 {¶ 4} Appellant appealed his sentence to this Court. We affirmed his conviction. State v. Pace, 9th Dist. No. 05CA0054-M, 2005-Ohio-6609. Appellant further appealed his sentence to the Ohio Supreme Court. The Ohio Supreme Court vacated Appellant's sentence on May 3, 2006 pursuant to its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On remand, the trial court imposed the same sentence originally imposed. Appellant timely appealed from his re-sentencing, raising one assignment of error for our review.
 II. *Page 3 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN SENTENCING APPELLANT, AFTER THE HOLDING OF STATE V. FOSTER TO 16 YEARS IN PRISON FOR OFFENSES COMMITTED AFTER ENACTION [SIC] OF S.B. 2."
 {¶ 5} In Appellant's sole assignment of error, he alleges that the trial court erred in sentencing him, after the Ohio Supreme Court's decision in State v. Foster, supra, to sixteen years incarceration for offenses committed after enactment of Senate Bill 2. We disagree.
 {¶ 6} On February 27, 2006, the Ohio Supreme Court issued a decision which controls the issues Appellant raises on appeal. InFoster, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.
 {¶ 7} This Court reviews Appellant's sentence utilizing an abuse of discretion standard. Foster, supra, at paragraph seven of the syllabus. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its *Page 4 
judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 8} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, at ¶ 42. Moreover, postFoster, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 9} In its journal entry, the trial court specifically stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors. The trial court additionally stated that it had considered the record when making its decision.
 {¶ 10} R.C. 2929.11 provides in pertinent part as follows:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not *Page 5 
demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 11} When we consider Appellant's sentence in light of the purposes of the Ohio sentencing guidelines, namely to protect the public and to punish the offender, we find that the trial court did not abuse its discretion. Appellant seriously harmed three little girls whose injuries ranged from broken bones to hemorrhaging in an eye socket. Appellant pled no contest to all counts in the indictment including two counts of kidnapping, first degree felonies, eights counts of endangering children, second degree felonies, and three counts of felonious assault, second degree felonies. Accordingly, the trial court was permitted to utilize its discretion to sentence him within the range of three to ten years incarceration for the first degree felony convictions and within the range of two to eight years for the second degree felony convictions. R.C. 2929.14(A)(1) and (2). Appellant was sentenced within this range on all the second degree felony convictions. Consequently, Appellant's convictions fall within the statutory ranges set forth in R.C. 2929.14.
 {¶ 12} Based upon a consideration of the factors in R.C. 2929.12 and the purpose of felony sentencing as contained in R.C. 2929.11, we cannot say that the trial court abused its discretion in sentencing Appellant to 16 years incarceration.
 {¶ 13} Appellant asserts that the retroactive application ofFoster violates the ex post facto and due process clauses of the U.S. Constitution. Appellant notes *Page 6 
that under the sentencing statutes in effect during his plea and sentencing, there was a presumption that he would be sentenced to a minimum sentence of three years for first degree felonies, to run concurrent with the minimum terms on other counts, unless other findings were made.
 {¶ 14} We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution. See U.S. v. Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and that the U.S. Supreme Court would not order a court to violate the Constitution). As this Court cannot overrule or modifyFoster, we decline to consider Appellant's challenges thereto. Appellant will have the opportunity to present these arguments to the Supreme Court if he chooses to appeal from this decision.
 {¶ 15} Appellant's sole assignment of error is overruled.
 III. {¶ 16} Appellant's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1