{¶ 36} Because I disagree with the majority's analysis and resolution of appellant's second assignment of error, I respectfully dissent.
 {¶ 37} I recognize that this court ruled on this issue in State v.Rupp, Butler App. No. CA2001-06-135, 2002-Ohio-1600. However, I now find the reasoning of Rupp unconvincing, and instead am more persuaded by that of the First, Second, and Fourth District Courts of Appeal. SeeKnaff, appeal not allowed (1998), 83 Ohio St.3d 1447; Morton, appeal not allowed 106 Ohio St.3d 1412, 2006-Ohio-3154; Fairbanks, appeal allowed111 Ohio St.3d 1491, 2006-Ohio-6171.
 {¶ 38} The majority rejects appellant's contention that the two charges at issue require proof of the same mental state. However, the Ohio Supreme Court, in State v. Earlenbaugh (1985), 18 Ohio St.3d 19,21-22, held that R.C. 4511.20 provides "two definite and clear bases" upon which a finding of guilt may be premised. Foremost, "[a] person may be found guilty of violating R.C. 4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse." Id., citation omitted. Likewise, R.C. 2924.331(B) requires proof that the defendant "willfully" eluded or *Page 12 
fled from a police officer, causing a substantial risk of serious physical harm. See State v. Taylor, Medina App. No. 04CA0078-M,2005-Ohio-2407.
 {¶ 39} Applying Best and the Blockburger test as cited by the majority to these two offenses, I conclude that it would be impossible to commit the felony offense of failure to comply without also committing the offense of reckless operation. Both R.C. 4511.20 and R.C. 2921.331(B) involve willful acts, related to the disregard of safety on the roadways or willfully eluding a police officer so as to cause a substantial risk of serious physical harm to persons or property. Both are satisfied by the facts of this case.
 {¶ 40} While the majority takes issue with the absence of the record forming the basis of the Warren County Court conviction, its own statement of facts is thorough and descriptive of the events which led to the charges against appellant. Further, as this court has previously held, "a guilty plea by itself is a complete admission of the defendant's guilt sufficient to permit a guilty finding. * * * [N]o factual basis for a guilty plea is required before a conviction may be entered. * * * [A] guilty plea is conclusive [of guilt] in itself without any supporting evidence." State v. Turpin (Dec. 31, 1986), Warren App. No. CA86-02-014, at 9. In the present case the charges of felony failure to comply and reckless operation arose out of the same course of conduct. Appellant pled guilty to the charge of reckless operation, and no further explanation of the facts is necessary to resolve this case.
 {¶ 41} I would sustain appellant's second assignment of error and reverse the conviction for felony failure to comply. Appellant was placed in jeopardy once when he pled guilty to reckless operation. Consequently, he could not be prosecuted again for felony failure to comply, arising out of the same facts, without violating the prohibition against double jeopardy. Accord Knaff; Morton; Fairbanks. This conclusion would render appellant's first assignment moot. *Page 1