DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Michael P. Bonner, appeals the decision of the Summit County Court of Common Pleas sentencing him to seven years in prison for possession of cocaine. We affirm Defendant's sentence.
 {¶ 2} Defendant was indicted for one count of possession of cocaine in violation of R.C. 2925.11, a first degree felony, and one count of trafficking in cocaine in violation of R.C.2925.03(A)(1), also a first degree felony. After a jury trial, Defendant was found guilty of possession of cocaine, and he was acquitted on the second charge of trafficking in cocaine. On April 11, 2005, the trial court held a sentencing hearing, and sentenced the Defendant to seven years in prison.
 {¶ 3} Defendant now appeals, asserting four assignments of error for our review.
 ASSIGNMENT OF ERROR I
"[Defendant's] conviction of possession of cocaine was contrary to the manifest weight of the evidence."
 {¶ 4} In his first assignment of error, Defendant argues that the verdict finding him guilty of possession of cocaine was against the manifest weight of the evidence because the State did not prove the chain of custody of the cocaine.
 {¶ 5} The chain of custody is part of the authentication and identification mandate set forth in Evid.R. 901 for the admission of evidence. State v. Brown (1995), 107 Ohio App.3d 194, 200. Although the prosecution bears the burden of establishing a proper chain of custody, that duty is not absolute. State v.Moore (1973), 47 Ohio App.2d 181, 183. The state need not negate all possibilities of tampering or substitution; instead, the state need only establish that it is reasonably certain that substitution, alteration, or tampering did not occur. Id.;Brown, 107 Ohio App.3d at 200. During trial, Defendant never directly raised a chain of custody objection and thus, we find that he has waived his right to assert such an objection on Appeal. In raising his Rule 29 motion, defense counsel argued: "I believe the State's evidence of cocaine is insufficient as a matter of law to" (whereupon the trial court interjected that the motion was "timely made and overruled.") Defense counsel also objected to the introduction of the State's Exhibit 1, a BCI report identifying the cocaine as such. Defense counsel stated Court of Appeals of Ohio, Ninth Judicial District that he did not believe that the report: "properly identified the amount of cocaine. In the evidence we had testimony from a prior officer who stated that it was 514 grams. I believe that evidence has been compromised based on the testimony that's been presented by the State."
 {¶ 6} We conclude that Defendant's argument before the trial court focused on the discrepancy regarding the weight of the cocaine, and not the chain of custody of the evidence. Detective Gilbride testified that the amount of cocaine Defendant possessed was 514 grams. However, Michael Velten, the State's expert, testified that the amount of cocaine was 521.63 grams. Defendant maintains that the difference in weight was never resolved by the prosecution, and thus, he claims, his conviction was against the manifest weight of the evidence.
 {¶ 7} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. SykesConstr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5.
 {¶ 8} In the case at hand, Defendant was convicted of possession of cocaine under R.C. 2925.11(A). R.C.2925.11(C)(4)(e) provides possession of cocaine will be a first degree felony if the amount involved is between 500 and 1000 grams. Construing the conflicting testimony regarding the weight of the cocaine in a light most favorable to the Defendant, it still comes to more than 500 grams of cocaine, which is all that is needed to convict him of first degree felony possession of cocaine. Based on the fact that all testimony regarding the weight of the cocaine establishes that the amount in question was greater than 500 grams, we cannot say that the "trier of fact clearly lost its way [in convicting Defendant of first degree felony possession of cocaine] and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Otten, 33 Ohio App.3d 340. Consequently, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to grant [Defendant's] [Crim.R.] 29 motion to dismiss the possession of cocaine charge following the conclusion of the case."
 {¶ 9} In his second assignment of error, Defendant asserts that there was insufficient evidence to overcome his motion for acquittal. Specifically, Defendant claims that the trial court should have granted his motion for an acquittal because the State did not prove all of the necessary elements of possession of cocaine, "specifically: intent to sell, actual possession, or constructive possession." We find that Defendant's assertions lack merit.
 {¶ 10} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In reviewing a challenge to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons (1998), 82 Ohio St.3d 438, 444, citingJenks, 61 Ohio St.3d at 273.
 {¶ 11} Defendant was convicted of possession of cocaine in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Contrary to Defendant's assertions, to support a conviction under R.C. 2925.11(A), the State needs to prove that he knowingly obtained or possessed cocaine. We find that the evidence introduced at trial was sufficient to support the jury's guilty verdict.
 {¶ 12} In this case, testimony was presented that Detective Gilbride had a number of conversations with Defendant about the purchase of cocaine. On the day in question, Defendant called Detective Gilbride and set up a meeting for the purchase of half of a kilogram of cocaine for $11,000.00. Detective Gilbride had arranged with his superior at the Akron Police Department to obtain the necessary amount of cocaine for the sale. At the meeting location, the Acme store on Tallmadge Avenue, numerous undercover officers were in position waiting for the sale to take place.
 {¶ 13} At the arranged upon time, Defendant pulled into the parking lot and got into Detective Gilbride's car. Detective Gilbride extracted the cocaine from under the driver's seat, pulled it out of the bag that it was in and showed it to Defendant. Defendant asked to smell the cocaine, which Detective Gilbride allowed. Thereafter, Defendant "reached into his pocket, [and] pulled out a brick of money wrapped up in a piece of newspaper[.]" At that point, Detective Gilbride and his superior, who was also in the car, signaled to the undercover officers to come and make the arrest. Defendant had put the money in Detective Gilbride's lap, and the detective gave the cocaine to Defendant. As Defendant was taking the cocaine, "he had it in his lap, the uniforme[ed police officers] came up."
 {¶ 14} Defendant argues that the above evidence was insufficient to support his conviction for possession of cocaine. As we stated above, we will not disturb a jury's verdict unless we find that no reasonable minds could have reached the conclusion that the jury came to. Clemons,82 Ohio St.3d at 444. We find that, based on the above evidence and the multiple testimonies introduced at trial, a reasonable jury could have found, beyond a reasonable doubt, that Defendant knowingly obtained or possessed cocaine. Accordingly, we overrule Defendant's second assignment of error.
 ASSIGNMENT OF ERROR III
"Whether the trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to [R.C.] 2929.14(B)."
 {¶ 15} In his third assignment of error, Defendant argues that the trial court erred in sentencing him to seven years in prison, which is above the statutory minimum prison term for possession of cocaine.
 {¶ 16} An appellate court reviews a sentence to determine whether the trial court complied with the statutory mandates of R.C. Chapter 2929. State v. Yeager, 9th Dist. Nos. 21092 and 21107, 2003-Ohio-1809, at ¶ 5. Therefore, we will not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to the law. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13. "Clear and convincing evidence is that evidence `which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" Id., quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 17} R.C. 2929.14(B) provides that:
"if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} In this case, the evidence presented at Defendant's sentencing hearing established that Defendant had previously served a prison term. R.C. 2929.14(B)(1) provides that the sentencing court does not need to sentence a defendant to the minimum prison term if that defendant had previously served time in prison. It is not contested that Defendant served time in prison.
 {¶ 19} Defendant was convicted of a felony of the first degree for possession of cocaine under R.C. 2925.11(A). R.C.2929.14(A) provides that a prison term for a first degree felony shall be between three and ten years. Defendant was sentenced to seven years for his felony conviction, which is within the sentencing guidelines. Thus, the trial court did not err in imposing a seven year sentence upon Defendant.
 {¶ 20} We overrule Defendant's third assignment of error and affirm his sentence as imposed by the trial court.
 ASSIGNMENT OF ERROR IV
"Whether trial counsel's representation was deficient and affected the outcome of the case."
 {¶ 21} In his fourth and final assignment of error, Defendant maintains that his trial counsel was ineffective and prejudiced the outcome of his case. Specifically, Defendant alleges that his trial counsel should have filed a motion to suppress certain statements that he made to Akron police officers, or that his counsel should have objected during trial to the testimony regarding post-arrest statements that he made to the police officers.
 {¶ 22} This court employs a two-step process in determining whether a defendant's right to effective assistance of counsel has been violated. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." (Citations omitted.) State v.Calhoun (1999), 86 Ohio St.3d 279, 289. "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." (Citations omitted.) Id. Second, the defendant must show that the deficient performance of counsel prejudiced the defense. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 466 U.S. at 687.
 {¶ 23} This Court may dispose of a claim of ineffective assistance of counsel by analyzing only the second prong of the test where defendant fails to show sufficient resulting prejudice. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 16.
 {¶ 24} Defendant claims that his counsel was ineffective for failing to either file a motion to suppress certain statements or to object to those statements when they came in at trial. We acknowledge that trial counsel's tactics leave something to be desired, and we note that the trial court judge commented to Defendant's counsel: "I find it inexplicable that you took no action" (with regard to having the statements either suppressed or making any objections). However, we do not find that Defendant has met his burden of showing that the outcome of his trial would have been different had it not been for trial counsel's actions, or lack thereof.
 {¶ 25} Even without taking into consideration Defendant's statements to the police officers after his arrest, enough evidence was introduced at trial for a reasonable jury to have concluded that Defendant knowingly obtained or possessed cocaine in violation of R.C. 2925.11. Above we concluded that Defendant's conviction was based on sufficient evidence without taking into account his statements to the police. Thus, we cannot say that even if the statements had been suppressed, that the outcome of Defendant's trial would have been different. Accordingly, we find that Defendant has failed to show that prejudice resulted from trial counsel's actions, and we overrule Defendant's fourth assignment of error.
 {¶ 26} Defendant's four assignments of error are overruled and the decision and sentence as imposed by the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. Boyle, J. concur.