DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from judgments of the Erie County Court of Common Pleas that denied the petition of pro se defendant-appellant, Curtis E. Ayers, Jr., for postconviction relief, ordered that appellant be resentenced so that the court could inform him of post-release control, and then resentenced him accordingly. Appellant now challenges that judgment through the following assignments of error:
 {¶ 2} "First Assignment of Error
 {¶ 3} "The trial court erred and violated the defendant, Curtis E. Ayers, Jr., the right to jury trial as guaranteed under the 6th and 14th Amendments to the U.S. Constitution and ArticleI, Section 5 of the Ohio Constitution in imposing a non-minimum sentence based on a factual determination not made by a jury or admitted to by defendant, and not proven beyond a reasonable doubt.
 {¶ 4} "Second Assignment of Error
 {¶ 5} "The trial court erred and violated defendant's due process rights as guaranteed under the 6th and 14th Amendments to the U.S. Constitution and Ohio Crim. Proc. Rule (11)(C)(2)(a) [sic], R.C. 2929.14(F), and 2929.19(B)(3)(c) for failing to state on the record at sentencing hearing that post release control was part of his sentence and cannot legally add it upon remand for resentencing because court now lacks subject matter jurisdiction in which to modify the sentence, the court would also be subjecting defendant to double jeopardy in violation of his 5th and 14th Amendment rights to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 6} "Third Assignment of Error
 {¶ 7} "The trial court erred and violated the defendant's right to a jury trial as guaranteed under the 6th and14th Amendments to the U.S. Constitution and Article I, Section 5 of the Ohio Constitution by imposing post release control and the possible sanctions thereof including more prison time above the minimum sentence based on factual determination not made by a jury or admitted to by defendant, and not proven beyond a reasonable doubt and subjecting defendant to double jeopardy in violation of his 5th and 14th Amendment rights to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution by adding post release control and more prison time to his sentence and violating defendant's constitutional rights by adding post release control as mandatory by the Adult Parole Authority impeding the judiciary which is a separation of powers violation."
 {¶ 8} In 1999 appellant was convicted of conspiracy to commit aggravated murder, a first degree felony, and was sentenced to serve a term of nine years incarceration. Appellant appealed his conviction and sentence to this court. Upon review, we affirmed appellant's conviction and sentence. See State v. Ayers (Mar. 16, 2001), 6th Dist. No. E-99-066. Thereafter, appellant appealed his case to the Supreme Court of Ohio. Appellant also filed a delayed application to reopen his appeal in this court pursuant to App.R. 26(B). In an entry of July 25, 2001, the Supreme Court of Ohio denied appellant leave to appeal and dismissed the appeal as not involving a substantial constitutional question. In a decision and judgment entry of August 27, 2001, we denied appellant's application for a delayed reopening. Appellant attempted to appeal that denial to the Supreme Court of Ohio, which court rejected the appeal.
 {¶ 9} On June 27, 2005, appellant filed a motion to vacate or set aside his sentence in the court below. In his petition, appellant raised five "assignments of error," each challenging various aspects of his sentence. In ruling on the petition, the lower court rejected appellant's claims challenging his sentence but ordered the matter "remanded" for resentencing so that the court could inform appellant that he would be subject to post-release control upon his release from prison. The court subsequently called the matter for resentencing and informed appellant that he would be subject to post-release control upon his release from prison. The court then filed a judgment entry regarding the resentencing of appellant. Thereafter, the court filed a nunc pro tunc entry to properly credit appellant with the time he had already served in prison. Appellant now appeals.
 {¶ 10} In his first assignment of error, appellant essentially challenges the trial court's denial of his petition for postconviction relief. Appellant filed his petition in the court below pursuant to R.C. 2953.21. Accordingly, he was required to comply with R.C. 2953.21(A)(2), which reads:
 {¶ 11} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 12} Appellant's petition was clearly untimely. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for postconviction relief unless both of the following apply:
 {¶ 13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 15} Appellant's first assignment of error is based on the United States Supreme Court's holdings in Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466, and the Supreme Court of Ohio's holding in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-516. This court has consistently held that the law set forth in Blakely, Apprendi
and Foster, does not apply to petitions for postconviction relief. State v. Kelly, 6th Dist. No. L-05-1237,2006-Ohio-1399. Accordingly, as to the first assignment of error, appellant did not make the requisite showing to file an untimely petition for postconviction relief and the trial court was without jurisdiction to review appellant's petition. Appellant's first assignment of error is not well-taken.
 {¶ 16} Appellant's second and third assignments of error challenge the trial court's treatment of the issue of post-release control. In his petition for postconviction relief, appellant asserted in his "second assignment of error" that because the trial court did not inform him at the original sentencing hearing that he would be subject to a period of post-release control, the court could not now impose upon him a period of post-release control. In reviewing this issue, the trial court, citing State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, determined that a resentencing hearing was required in order to properly inform appellant of post-release control. The syllabus in Jordan reads:
 {¶ 17} "1. When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.
 {¶ 18} "2. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing."
 {¶ 19} Trial courts retain the authority to correct void sentencing orders, State v. Garretson (2000),140 Ohio App.3d 554, 559, provided that the defendant has not served out the term of his sentence. Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, at ¶ 28-29. "A sentence is rendered void when there is an attempt by the court `to disregard statutory requirements when imposing sentence.'" Garretson, supra at 559, quoting State v. Beasley (1984), 14 Ohio St.3d 74, 75. R.C.2929.19(B)(3)(c) mandates that a sentencing court notify a first degree felony offender that upon his or her release from prison, he or she will be subject to a term of post-release control. As the court stated in Jordan, supra at paragraph two of the syllabus, when the sentencing court fails to notify the offender at the sentencing hearing that he will be subject to post-release control upon his release from prison, but incorporates that notice into the sentencing entry, the sentence is contrary to law and void. To correct an illegal sentence, however, a trial court must do so in open court at a resentencing hearing. State v.Heath (Sept. 30, 1997), 6th Dist. No. L-97-1099; Crim.R. 43. A resentencing hearing must follow all of the procedural requirements of an original sentencing hearing. R.C. 2929.19. A resentencing in this manner does not violate a defendant's constitutional guarantee against double jeopardy. Beasley,
supra.
 {¶ 20} The parties agree that appellant was not informed at the original sentencing hearing that he would be subject to a term of post-release control upon his release from prison. They disagree, however, as to the proper remedy for the trial court's error. Appellant contends that he cannot be subject to a term of post-release control. Given the law as set forth above, however, it is clear that the court did have the authority to hold a resentencing hearing and resentence appellant for the purpose of informing him that he would be subject to post-release control upon his release from prison. Upon a review of the record before us, however, we must conclude that the lower court failed to properly resentence appellant. At the resentencing hearing of October 18, 2005, the lower court informed appellant that upon his release from prison he would be placed on post-release control for a period of five years. But that is all that the trial court did. It did not conduct a full resentencing hearing as required. Accordingly, in that they only challenge the trial court's authority to resentence appellant, the second and third assignments of error are not well-taken. Nevertheless, this case must be remanded for resentencing, given the trial court's failure to conduct a proper resentencing hearing as set forth above.
 {¶ 21} Upon consideration whereof, the judgment of the Erie County Court of Common Pleas denying appellant's petition for postconviction relief is affirmed. The court's judgments of October 19, 2005 and November 8, 2005, are vacated. This case is remanded to that court for resentencing in accordance with this decision. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED, IN PART, AND VACATED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J., Parish, J., Concur.