DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Anthony L. Townsend has appealed from his convictions for possession of cocaine and trafficking in cocaine in the Summit County Court of Common Pleas. We affirm.
 I {¶ 2} On May 15, 2006, Appellant was indicted for one count of possession of cocaine, in violation of R.C. 2925.11(A), a fifth degree felony; and one count of trafficking in cocaine, in violation of R.C.2925.03(A)(1), a fifth degree felony. Appellant pled not guilty. On August 7, 2006, a jury trial was commenced and Appellant was found guilty on both charges on August 8, 2006. *Page 2 
On August 17, 2006, Appellant was sentenced to a term of imprisonment of seven months on each count to be served concurrently.
 {¶ 3} Appellant has timely appealed his convictions, raising two assignments of error for review.
 II Assignment of Error Number One "PURSUANT TO ARTICLE IV § 3(B)(3) OF THE OHIO CONSTITUTION, THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 4} In his first assignment of error, Appellant has asserted that his convictions were not supported by sufficient evidence and that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review *Page 3 
the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the *Page 4 
conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 7} Appellant specifically has noted that the State failed to establish that the cocaine admitted into evidence at trial was the actual cocaine allegedly sold to the police officer. Appellant has asserted that Officer Harvey did not identify it and Officer Williams had no knowledge of the cocaine other than to retrieve it from the evidence locker.
 {¶ 8} In State v. Bonner, 9th Dist. No. 22676, 2006-Ohio-516, overruled on other grounds by In re Ohio Criminal Sentencing StatutesCases, 110 Ohio St.3d 156, 2006-Ohio-4086, we held that:
 "The chain of custody is part of the authentication and identification mandate set forth in Evid.R. 901 for the admission of evidence. State v. Brown (1995), 107 Ohio App.3d 194, 200. Although the prosecution bears the burden of establishing a proper chain of custody, that duty is not absolute. State v. Moore (1973), 47 Ohio App.2d 181, 183. The state need not negate all possibilities of tampering or substitution; instead, the state need only establish that it is reasonably certain that substitution, alteration, or tampering did not occur. Id.; Brown, 107 Ohio App.3d at 200. During trial, Defendant never directly raised a chain of custody objection and thus, we find that he has waived his right to assert such an objection on Appeal." Bonner at ¶ 5. *Page 5 
 {¶ 9} Here, Appellant not only failed to make a chain of custody objection, he actually stipulated to the admissibility and identification of the cocaine evidence that was handed to the police by an associate of Appellant, Mr. Lamb, during the transaction for which Appellant was convicted. Appellant has waived his right to assert a chain of custody objection on appeal.
 {¶ 10} Based on a review of the record, this Court finds it reasonable that the jury could have believed the testimony and evidence proffered by the State.
 {¶ 11} R.C. 2925.11(A) provides that, "[n]o person shall knowingly obtain, possess, or use a controlled substance." "Possession may be actual or constructive." State v. Fry, 9th Dist No. 23211,2007-Ohio-3240, at ¶ 47, quoting State v. Kobi (1997),122 Ohio App.3d 160, 174. "Constructive possession has been defined as `knowingly [exercising] dominion and control over [the drugs], even though [they] may not be within his immediate physical possession.'" State v.Hardison, 9th Dist. No. 23050, 2007-Ohio-366, at ¶ 22, quoting State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. See also, State v.Wolery (1976), 46 Ohio St.2d 316, 329. Furthermore, ownership need not be proven to establish constructive possession. State v. Mann (1993),93 Ohio App.3d 301, 308. Circumstantial evidence is sufficient to support the elements of constructive possession. See State v. Jenks (1991),61 Ohio St.3d 259, 272-73.
{¶ l2} R.C. 2925.03(A)(1) states that, "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance[.]" *Page 6 
 {¶ 13} The jury heard testimony from two witnesses produced by the State — Detectives Harvey and Williams. The defense did not produce any witnesses and the Appellant did not testify in his own defense.
 {¶ 14} Detective Tim Harvey is a plain clothes undercover narcotics officer. On May 5, 2006, Detective Harvey was operating undercover driving a taxicab in the north hill area of Akron with a confidential informant in the back seat. He was flagged down by a black male as he was driving westbound on Royal Place. The male approached the passenger side of the vehicle and said, "what do you need?" Detective Harvey responded by saying, "a 20," which referred to $20 worth of crack cocaine. Detective Harvey testified that the black male told him to stay in the car and then walked towards 29 Royal Place and met up with another black male about 20 feet away from the taxicab. The area was lit with a street light and light from the nearby apartment building. The two men did a hand-to-hand transaction after which the second black male approached the car and sold the officer the $20 rock of crack cocaine. The detective testified that he clearly saw the first male reach into his pocket with his right hand, take something out, and hand it to the second male. The second male then took that object, later discovered to be the $20 rock of crack cocaine, and sold it to the detective. After the transaction took place, Detective Harvey called the unmarked police van to make an arrest. The detective then testified that he heard on the radio that the two males fled on foot but were apprehended by the arresting officers. *Page 7 
 {¶ 15} The detective identified the first black male as Appellant and the second black male as Christopher Lamb. The detective testified that a search of Appellant's person revealed $79.00 in cash, but the money found was not the photocopied money the police used to make the drug purchase. Officers did not find drugs on Appellant's person or in his apartment.
 {¶ 16} Detective Harvey testified that it is not unusual for a drug transaction like this one to be conducted by two individuals because it allows one person to conduct the transaction while the other person acts as a lookout for the police. Detective Harvey acknowledged that the police arrested a third person who possessed crack cocaine at 29 Royal Place, but the officers determined that he was not involved with the transaction at issue.
 {¶ 17} Detective Williams testified that he was in a marked vehicle during the transaction at issue. Marked vehicles are used if a suspect jumps into a vehicle in an attempt to escape or runs on foot. Detective Williams was radioed by the person monitoring Detective Harvey's wire transmission that the transaction was about to take place. Once he heard the deal had been made he drove near the scene and exited his vehicle. He observed police officers bringing several suspects out of the apartment building.
 {¶ 18} Detective Williams testified that the substance seized on May 5, 2006, tested positive for crack cocaine and was tagged into evidence and placed in the Detective Bureau vault. The drug was later tested by the Bureau of Criminal *Page 8 
Investigation ("BCI") and returned to the vault. The BCI test confirmed the earlier finding that the substance was crack cocaine. Detective Williams then identified the evidence envelope in which the crack cocaine at issue in this case was stored and further stated that to the best of his knowledge the crack cocaine in the envelope was the same crack cocaine purchased by Detective Harvey on May 5, 2006.
 {¶ 19} Appellant has argued that the evidence does not support a conviction for possession of drugs because there was no testimony that he physically had possession of the crack cocaine. Neither was there testimony that he possessed any of the photocopied bills that the police used to make the purchase. The only evidence of Appellant's role in the actual transaction was the testimony of Detective Harvey, who admitted he did not see what Appellant handed to Mr. Lamb.
 {¶ 20} Based on our review of the entire record, we find it reasonable that the jury believed the State's version of the events and convicted Appellant accordingly. The jury could reasonably conclude that Appellant at least constructively possessed the crack cocaine based on Detective Harvey's testimony of the hand-to-hand transaction, the fact that Appellant approached Detective Harvey's vehicle and asked him what he needed, and the fact that Appellant then indicated to the Detective to wait thereby implying he was going to satisfy his request. The jury also could reasonably infer from the latter testimony that *Page 9 
Appellant intended to sell crack cocaine to Detective Harvey. Moreover, it is well established that evidence of flight is admissible evidence of a "consciousness of guilt." State v. Brady, 9th Dist. No. 22034,2005-Ohio-593, at ¶ 9, quoting State v. Taylor (1997), 78 Ohio St.3d 15,27. Consequently, the jury was entitled to infer from the evidence of Appellant's attempt to flee that Appellant was conscious of his guilt.
 {¶ 21} We conclude that Appellant's conviction is not against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "TOWNSEND RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY STIPULATED TO THE ADMISSION OF EVIDENCE WHICH THE STATE FAILED TO IDENTIFY OR AUTHENTICATE."
 {¶ 22} Appellant has asserted that he was denied the effective assistance of counsel when his trial attorney stipulated to the admissibility of the cocaine evidence despite obvious issues related to its chain of custody. We disagree.
 {¶ 23} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771. Courts employ a two-step process to determine whether the right to effective assistance of counsel has been violated: *Page 10 
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 24} An attorney properly licensed in Ohio is presumed competent.State v. Lott (1990), 51 Ohio St.3d 160, 174. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at *2, citing Strickland, 466 U.S. at 690.
 {¶ 25} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Although either step in the process may be dispositive, we will address the deficiency question first in this analysis, based on the particular error Appellant claims in this appeal.
 {¶ 26} Appellant has asserted that without admissible evidence of the cocaine that was part of the transaction at issue in this case, the State could not *Page 11 
have established beyond a reasonable doubt that he possessed and/or trafficked cocaine. Thus, Appellant has asserted, trial counsel's stipulation as to the admissibility of the cocaine where the State had failed to establish a proper chain of custody satisfies both prongs of the Strickland test.
 {¶ 27} In Ohio, there is a presumption that a properly licensed attorney is competent and the burden to prove ineffectiveness of counsel is, therefore, on the defendant. State v. Carrion (1992),84 Ohio App.3d 27, 32. "[Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel." State v. Wharton, 9th Dist. No. 23300, 2007-Ohio-1817, at ¶ 44, citing State v. Clayton (1980),62 Ohio St.2d 45, 49. Defense counsel's decision to stipulate to evidence in a case is a tactical decision. See generally State v. White (Nov. 15, 1995), 9th Dist. No. 16900, at *7. Given that defense counsel only stipulated that crack cocaine at issue in this case was the same crack cocaine purchased by Detective Harvey from Mr. Lamb, this Court cannot say that counsel's performance was deficient. The decision whether to stipulate to the identification of the drugs at issue in a drug possession/trafficking case is best left to trial counsel's discretion.
 {¶ 28} Appellant's second assignment of error lacks merit.
 III {¶ 29} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed. *Page 12 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., MOORE, J., CONCUR. *Page 1