[Cite as *State v. Martynowski*, 2017-Ohio-9299.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011078 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH D. MARTYNOWSKI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 16CR093108 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Joseph Martynowski, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Late one evening, Martynowski's live-in girlfriend drove herself to the emergency room where she received treatment for a concussion, bilateral nasal fractures, and multiple contusions. While receiving treatment, she told hospital personnel and the police that she had been assaulted by Martynowski. The police then arrested Martynowski, who was still at home. Upon arresting him, the police found blood on his clothes and swelling to his knuckles.

{¶3} A grand jury indicted Martynowski on one count of felonious assault and one count of domestic violence. A bench trial ensued, following which the court found Martynowski guilty on both counts. The court then merged the counts as allied offenses of similar import and sentenced him to four years in prison on his felonious assault count.

**{¶4}** Martynowski now appeals and raises three assignments of error for our review. For ease of analysis, we reorder his assignments of error.

II.

**Assignment of Error II**

**The trial court erred by not acquitting Appellant due to insufficient evidence of any offense occurring on the date alleged in the indictment.**

**{¶5}** In his second assignment of error, Martynowski argues that his convictions are based on insufficient evidence. We disagree.

**{¶6}** A challenge to the sufficiency of the evidence to support a criminal conviction presents a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Upon review, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Although this Court conducts a sufficiency review de novo, "we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120751, 2013-Ohio-4775, ¶ 33.

**{¶7}** The felonious assault statute prohibits any person from "knowingly * * * [c]aus[ing] serious physical harm to another * * *." R.C. 2903.11(A)(1). The closely-related domestic violence statute prohibits any person from "knowingly caus[ing] * * * physical harm to a family or household member." R.C. 2919.25(A). "A person acts knowingly, regardless of purpose, when [he] is aware that [his] conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶8}    Martynowski argues that his convictions are based on insufficient evidence because the State failed to set forth any admissible evidence that he assaulted his girlfriend on December 19, 2015.  Because December 19th was the only date alleged in his indictment, Martynowski argues, the State had to prove that he engaged in criminal conduct on that day. According to Martynowski, all of the evidence the State introduced to prove that he assaulted his girlfriend on that day amounted to inadmissible hearsay.

{¶9}    Martynowski's girlfriend testified that the two began dating in 2009 and lived together at a house in Columbia Station.  One evening, the two were entertaining guests in their barn and drinking liquor.  The girlfriend testified that she was quite intoxicated when she came back into the house to heat up a bowl of soup.  She stated that, when she removed the bowl from the microwave, she dropped it on the floor because it was too hot.  Her legs then gave out on her and she fell.  According to the girlfriend, the fall caused her to smack her face on the floor, break her nose, and cut herself on the shards from the bowl.  She testified that she then drove herself to the hospital without telling Martynowski because she was panicked and knew she needed help. She denied that the two ever fought that evening or that Martynowski caused her injuries.

{¶10}   Deputy Adam Shaw testified that he was dispatched to the hospital on the night of December 19, 2015, to respond to an assault complaint.  He spoke with Martynowski's girlfriend at the hospital and testified that she "just kept stating that 'He hit me,' 'He beat me,' 'He did it again,' a lot of things along [those] lines."  According to the deputy, the girlfriend specifically identified Martynowski as her assailant.  She told him that Martynowski punched her in the face and nose several times and threw her across the room.  Based on her statements and physical appearance, Deputy Shaw and several other officers went to arrest Martynowski.

{¶11} Deputy Shaw testified that he and his fellow officers knocked on Martynowski's door for about ten minutes before he finally opened it. He stated that Martynowski looked out the window when they first arrived, but "backed off real fast" when he spotted them. He stated that another deputy saw Martynowski talking on his cell phone and pacing during the ten minutes they were waiting for him to open the door. When he finally did so, the officers arrested him and took pictures. Deputy Shaw testified that Martynowski had blood on both of his knees and swollen knuckles on his hand. Further, there were visible blood stains on the floors and the dining room table. Martynowski admitted to Deputy Shaw that he had argued with his girlfriend that evening, but claimed that she had hurt her nose falling to the floor.

{¶12} In its case-in-chief, the State introduced photographs taken of the girlfriend at the hospital and her treatment records. The photographs depict significant injuries to her face, including bleeding, swelling, and bruising. They also depict bruising to her arm and hand, as well as cuts to the back of her hand. The medical records, dated December 19, 2015, reflect that the girlfriend repeatedly attributed her injuries to an assault, perpetrated by Martynowski earlier that evening. The records reflect that she reported having lost consciousness before waking and driving herself to the hospital. They further reflect that she sustained a concussion, bilateral nose fractures, and multiple contusions.

{¶13} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that Martynowski knowingly inflicted serious physical harm on his live-in girlfriend, thereby committing both felonious assault and domestic violence. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The State set forth evidence that the girlfriend drove herself to the hospital on the evening of December 19th because she had a concussion, broken nose, significant facial swelling, and bruising. Martynowski admitted that

she and he had argued that evening, and the police observed fresh blood at their home and swelling to his knuckles. The State set forth evidence that the girlfriend told both hospital personnel and Deputy Shaw that she incurred her injuries as the result of an assault perpetrated by Martynowski. "[W]hether this testimony was properly admitted is irrelevant as * * * 'an appellate court must consider all of the evidence presented by the State in evaluating the sufficiency of the evidence, even if the evidence was improperly admitted by the trial court.'" *State v. Brewer*, 9th Dist. Lorain No. 14CA010608, 2016-Ohio-5366, ¶ 20, quoting *State v. Sadeghi*, 9th Dist. Wayne No. 14AP0051, 2016-Ohio-744, ¶ 22. Based on all the evidence presented, a rational trier of fact could have concluded that Martynowski assaulted his live-in girlfriend and caused her serious physical harm. *See* R.C. 2903.11(A)(1) and 2919.25(A). Accordingly, his argument that the State failed to satisfy its burden of production lacks merit. Martynowski's second assignment of error is overruled.

**Assignment of Error I**

**The trial court erred by allowing the State to impeach its own witness.**

{¶14} In his first assignment of error, Martynowski argues that the trial court erred when it allowed the State to impeach its own witness. Specifically, he argues that the court should have excluded statements his girlfriend made to Deputy Shaw and hospital personnel. For the following reasons, we reject his assignment of error.

{¶15} This Court generally "'reviews [a] trial court's decision regarding evidentiary matters under an abuse of discretion standard of review.'" *State v. Meyerson*, 9th Dist. Summit No. 28549, 2017-Ohio-8726, ¶ 8, quoting *State v. Aguirre*, 9th Dist. Lorain No. 13CA010418, 2015-Ohio-922, ¶ 6. Martynowski concedes, however, that his argument is subject to plain error

review because he did not object when the court admitted the evidence with which he takes issue. Plain error may be invoked only where the following three elements exist:

> First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights" * * * [and] affected the outcome of the trial.

(Internal citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶16} The trial court allowed Deputy Shaw to testify that Martynowski's girlfriend made several statements at the hospital, naming Martynowski as her assailant and describing how he assaulted her. Martynowski argues that the statements were inadmissible because they were hearsay and, by offering them, the State was impeaching its own witness (i.e., his girlfriend). Because his girlfriend testified that he did not assault her, Martynowski argues that the court should have excluded her statements to Deputy Shaw, as well as the medical records that documented the statements she made to hospital personnel.

{¶17} Even assuming the trial court erred by admitting the girlfriend's statements to Deputy Shaw, Martynowski has not shown how the admission of those statements affected the outcome of his trial. *See Barnes* at 27. The girlfriend's medical records contain similar, if not identical statements, and Martynowski stipulated to their admission. He, therefore, cannot now challenge the admission of those records, and the statements contained therein were properly before the court for consideration. *See State v. Keck*, 137 Ohio St.3d 550, 2013-Ohio-5160, ¶ 14-17; *State v. Townsend*, 9th Dist. Summit No. 23397, 2007-Ohio-4421, ¶ 9 (stipulations waived later objections as to admissibility). The State presented evidence that the girlfriend sustained serious injuries, but nonetheless drove herself to the hospital while Martynowski remained at

home. There was evidence that he quickly withdrew from his window when officers arrived and paced for ten minutes before allowing them entry. There also was evidence that he had blood on his clothing, had swelling to his knuckles, and had argued with his girlfriend that evening. Upon review, Martynowski has not shown that the admission of his girlfriend's statements to Deputy Shaw affected the outcome of his trial. *See Barnes* at 27. Accordingly, we reject his claim of plain error.

{¶18} In setting forth his claim of plain error, Martynowski also argues that his trial counsel was ineffective because he should not have stipulated to the admission of his girlfriend's medical records. Yet, his captioned assignment of error only pertains to the trial court's error in allowing the State to impeach its own witness. This Court has held that "[a]n appellant's captioned assignment of error 'provides this Court with a roadmap on appeal and directs this Court's analysis.'" *State v. Pleban*, 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254, ¶ 41, quoting *State v. Marzolf*, 9th Dist. Summit No. 24459, 2009-Ohio-3001, ¶ 16. This Court will not address arguments that fall outside the scope of an appellant's captioned assignment of error. *See Pleban* at ¶ 41. Because Martynowski has not separately assigned as error that he received ineffective assistance of counsel, this Court will not address his argument on that point. His first assignment of error is overruled.

### Assignment of Error III

**The trial court erred by finding Appellant guilty against the manifest weight of the evidence.**

{¶19} In his third assignment of error, Martynowski argues that his convictions are against the manifest weight of the evidence. He asserts that the State failed to meet its burden of persuasion "[f]or the same reasons stated in the [sufficiency assignment of error] * * *." Apart from that blanket statement, however, he has not directly challenged any of the State's evidence

as "unreliable or lacking credibility." *State v. Smith*, 9th Dist. Summit No. 27877, 2016-Ohio-7278, ¶ 16. This Court has repeatedly noted that "'[s]ufficiency and manifest weight are two separate, legally distinct arguments.'" *State v. Carrion*, 9th Dist. Summit No. 28194, 2017-Ohio-7043, ¶ 24, quoting *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 20. We will not develop a manifest weight argument on an appellant's behalf. *See Carrion* at ¶ 24. *Accord State v. Haywood*, 9th Dist. Summit No. 28040, 2017-Ohio-8299, ¶ 51. Because Martynowski has not shown that this is the exceptional case where the trier of fact lost its way in convicting him, we reject his manifest weight argument. *See Sadeghi*, 2016-Ohio-744, at ¶ 32. Consequently, his third assignment of error is overruled.

III.

**{¶20}** Martynowski's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.