[Cite as *Lorain Cty. Treasurer v. Barricklow*, 2019-Ohio-5162.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| LORAIN COUNTY TREASURER | | C.A. No. 19CA011490 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY T. BARRICKLOW, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No. 18TX007015 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2019

HENSAL, Judge.

{¶1} The Lorain County Treasurer appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} The Lorain County Treasurer (the "Treasurer") filed a complaint against Gregory and Tina Barricklow, owners of certain real property in Lorain County. The complaint sought the foreclosure of eight parcels of property based upon delinquent real estate taxes. Seven of the parcels are adjacent to each other and contain a building that spans all seven parcels. The Treasurer later voluntarily dismissed its complaint relative to the non-adjacent parcel, indicating that the delinquent real estate taxes associated with that parcel had been paid in full.

{¶3} After the commencement of the action, the Barricklows paid the delinquent taxes associated with six of the seven adjacent parcels. They did not pay the delinquent taxes related

to the parcel upon which the valuation of the building – despite spanning all seven parcels – was attributed to for tax purposes.

{¶4} The Treasurer moved for summary judgment, arguing that it was entitled to a foreclosure on all seven parcels. The Treasurer acknowledged that the Barricklows had paid the delinquent taxes on six of the seven adjacent parcels, but argued that all seven parcels are considered one economic unit in light of the fact that the building spans all seven parcels. It argued that the auditor simply assigned the value of the building to one parcel because it would be impossible to appraise the value of each piece of the building that sits on each individual parcel. In short, the Treasurer argued that "if a group of parcels are collectively assigned valuation by the Auditor as a single economic unit[, then] they can be foreclosed upon collectively by the Treasurer when their taxes based on that collective valuation become delinquent." The Treasurer also argued that, while the taxes for six of the seven adjacent parcels were technically paid, they remained delinquent so long as the taxes relative to the parcel that the building valuation was associated with were unpaid. The Treasurer supported its motion, in part, with an affidavit from the Chief Deputy Auditor of Real Estate for the Lorain County Auditor's Office. He averred that the market value of the building that spans the seven adjacent parcels was assigned to one parcel, and that:

> [i]t is standard procedure for the Lorain County Auditor to apply the entire market building value to one parcel of an economic unit because it is impossible to determine separate parcel specific values for one large building that is built across multiple parcels.

{¶5} In response, the Barricklows challenged the affidavit of the Chief Deputy Auditor, arguing that there was no indication that he had the expertise to opine on the matter. They also argued that the Treasurer was not entitled to summary judgment as to all of the parcels because they had paid the delinquent taxes on all but one parcel.

**{¶6}** The trial court's judgment entry indicates that it did not rule on the Treasurer's motion for summary judgment. Rather, it sua sponte dismissed the Treasurer's complaint without prejudice, concluding that – based upon the facts alleged – the Treasurer could not prevail upon its complaint. The Treasurer now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT'S FAILURE TO APPLY THE CLEAR STATUTORY LANGUAGE PERMITTED THE APPELLEES TO FRUSTRATE THE FORECLOSURE PROCESS[.]

**{¶7}** In its assignment of error, the Treasurer argues that the trial court erred by denying its motion for summary judgment because it misinterpreted the foreclosure statutes. The trial court, however, never ruled on the Treasurer's motion for summary judgment. Instead, it analyzed the legal issues presented in the Treasurer's motion, but determined that the "better option" would be to dismiss the complaint without prejudice. The Treasurer has not argued that the trial court erred by doing so.[1] As a result, any analysis of the Treasurer's assignment of error would require this Court to analyze the legal issues presented in the Treasurer's motion for summary judgment (and presented again on appeal) in the context of the trial court's decision to sua sponte dismiss the Treasurer's complaint without prejudice, which the Treasurer itself has not done. While this Court's standard of review on a denial of a motion for summary judgment and a trial court's sua sponte dismissal of a complaint without prejudice may be the same, the frameworks under which those actions are analyzed are distinct. This Court will not raise and

---

[1] Counsel for the Treasurer conceded at oral argument that the Treasurer did not argue that the trial court erred by dismissing the complaint without prejudice.

address an argument under the dismissal-without-prejudice framework on the Treasurer's behalf. *State v. Pitts*, 9th Dist. Medina No. 17CA0060-M, 2018-Ohio-3216, ¶ 26, citing *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 WL 224934, *10, (May 6, 1998) ("This Court will not create an argument on [the appellant's] behalf."); *State v. Martynowski*, 9th Dist. Lorain No. 17CA011078, 2017-Ohio-9299, ¶ 18. Additionally, whether the trial court should have granted the Treasurer's motion for summary judgment is not an issue this Court can address in the first instance. *Cohen v. Dulay*, 9th Dist. Summit No. 28071, 2017-Ohio-6973, ¶ 21 ("Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance."). Accordingly, the Treasurer has not met its burden of establishing error on appeal. *City of Akron v. Meyer*, 9th Dist. Summit No. 21882, 2004-Ohio-4457, ¶ 14 ("An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support."); *see* App.R. 16(A)(7); Loc.R. 7(B)(7) of the Ninth District Court of Appeals. In light of the argument presented, the Treasurer's assignment of error is overruled.

III.

{¶8} The Lorain County Treasurer's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CALLAHAN, P. J.
DISSENTING.

{¶9} The majority concludes that the Treasurer framed its assignment of error solely in terms of summary judgment and, for that reason, declines to address the merits of this appeal. I disagree with that conclusion.

{¶10} The Treasurer moved for summary judgment in the trial court, but did so based solely on a legal issue. The trial court analyzed that issue, but instead of ruling on the motion at hand based on the conclusion that it reached, chose to sua sponte dismiss the case. In its appellate brief, the Treasurer argued that the trial court erred in its resolution of that legal issue and provided a detailed analysis in support of that position. The Treasurer also correctly identified that our standard of review is de novo. The Treasurer noted that a motion for summary judgment had been filed and observed that the

standard of review for an order that grants or denies summary judgment is also de novo, but nothing about the Treasurer's legal analysis is unique to summary judgment.

{¶11} The Treasurer's legal argument puts the merits of the trial court's decision squarely before this Court. Nothing more is needed, especially given the unconventional procedural posture of the case below, and the substance of the Treasurer's brief would likely be the same if any reference to summary judgment was omitted. *See Keehan v. Korenowski*, 9th Dist. Summit No. 28221, 2017-Ohio-7050, ¶ 9 (noting that this Court reviews a Civ.R. 12(B)(6) dismissal de novo). I would therefore address the merits of the Treasurer's assignment of error, and I respectfully dissent on that basis.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and CHRIS A. PYANOWSKI, Assistant Prosecuting Attorney, for Appellant.

R.J. BUDWAY, Attorney at Law, for Appellee.

MELANIE CORNELIUS, Attorney at Law, for Appellee.